IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD V. HUMMEL,
    Petitioner
    v.
DAVID PITKINS,
    Respondent

Case No. 3:11-cv-279-KRG-KAP

Report and Recommendation

Recommendation

Petitioner is awaiting retrial in the Court of Common Pleas of Clearfield County on charges of murder; jury selection is scheduled for January 5, 2012. Petitioner has very recently filed a petition for a writ of habeas corpus under 28 U.S.C.§ 2241 and 2254. Under 28 U.S.C.§ 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I recommend that the petition be dismissed, without a certificate of appealability.

Report

I held a telephone conference today at which I explained the gist of this Report and Recommendation to counsel and why I did not want federal proceedings to delay the state court proceedings in this matter. Because the prior proceedings with this petitioner are familiar to this court, see Hummel v. Rosemeyer, Case No. 3:02-cv-313-KRG-KAP (W.D.Pa.), reversed, No. 06-2711 (3d Cir. April 29, 2009), I need not recount the procedural history. On remand the petitioner was found competent to stand trial after a competency hearing, and pretrial proceedings relative to the retrial have been taking place in the state court. The current petition seeks

interlocutory review of in limine rulings made by the Honorable Paul Cherry, the trial judge in Clearfield County. With limited exceptions not present here, the Supreme Court has directed federal courts to abstain from interfering in the pretrial proceedings in pending state criminal cases. Younger v. Harris, 401 U.S. 37 (1971). There is a narrow exception for claims affecting rights that by their nature would be violated in a trial regardless of the outcome. See Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1234 (3d Cir.1992)(Double Jeopardy Clause claim), cert. denied, 506 U.S. 1089 (1993). See also Braden v. 30th Judicial District Court of Kentucky, 410 U.S. 484 (1973) (Speedy Trial Clause claim). Petitioner makes no claim that falls within that narrow exception.

Habeas corpus under 28 U.S.C.§ 2254 is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal, Harrington v. Richter, 562 U.S. \_\_\_, 131 S.Ct. 770, 775-76 (2011). Habeas corpus does not permit interlocutory review of ordinary state court pretrial orders, even if they are erroneous. This court will have jurisdiction, assuming that there is a judgment against petitioner, when petitioner has exhausted his state court remedies. The Court of Appeals holds that in Pennsylvania, that requires presentation of the issues to the Pennsylvania Superior Court. Lambert v.

Blackwell, 387 F.3d 210, 233 (3d Cir.2004), cert. denied, 544 U.S. 1063 (2005).

A certificate of appealability should not be issued unless a habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). Petitioner has made no colorable showing of any constitutional claim. No certificate of appealability should issue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: December 13, 2011

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

David Rothman, Esquire
5825 Fifth Avenue, Apt. 104-A
Pittsburgh, PA 15232

3